# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 1:16-cv-01912-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM AND ABUSE OF JUDICIAL PROCESS |

## I.

## BACKGROUND

Brandon Favor is a state prisoner confined in the California Correctional Institution ("CCI"), Tehachapi, California. On December 23, 2016, Mr. Favor filed what purports to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on behalf of another inmate, Kevin Moore.

Mr. Favor is well known to this Court. Since 2013, Mr. Favor has filed at least sixteen habeas petitions and seven § 1983 complaints in the Eastern District of California[1] as well as filing additional petitions and complaints in the Central and Southern Districts of California.

///

///

---

[1] See Order, Dickerson v. Vasquez, No. 1:16-cv-01889-DAD-SKO (E.D. Cal. Dec. 30, 2016) (listing cases).

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. The Petition

As with the complaints and petitions that Mr. Favor has filed on his own behalf, the above-captioned petition is rambling, incoherent, and fails to state any cognizable claim for relief under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Information concerning the putative petitioner's conviction and sentence has been omitted. The sole ground for relief is stated to be "non-statutory relief." (ECF No. 1 at 3). Supporting facts are convoluted and illogical, and fail to state a cognizable federal habeas claim. In their entirety, the facts alleged in the petition are:

> Petitioner Kevin Moore while housed under state custody expressed claims where witness persons served relief under district attorney, petitioner waived all other attributes petitioners relief under state conviction is under immediate counselship sought reframe where relief provided serves relief by all parties, petitioner seeks immediate relief respectively under MOTION FOR BOND OR RELEASE ON OWN RECOGNIZANCE PENDING APPEAL.

(ECF No. 1 at 3). The petition states the second level of administrative review has been exhausted. (Id. at 5).

The petition is signed with a scribble. (ECF No. 1 at 6). A declaration and the proof of service appended to the petition have been signed with similar scribbles attributed to Mr. Favor. (Id. at 7, 15). The petition states that Miller & Miller Associates and the Cochran Law Firm represent the petitioner. (Id. at 6). In the declaration appended to the petition, Mr. Favor lists Brandon Favor, LLP, Miller & Miller Associates, and Halvor Thomas Miller, Jr.[2] as attorneys

---

[2] Halvor Thomas Miller, Jr. is not eligible to practice law in California as of October 31, 2015. State Bar of California Attorney Search, http://members.calbar.ca.gov/fal/Member/Detail/40247 (last visited May 17, 2017).

2

for putative petitioner Kevin Moore. Under his signature on the declaration, Mr. Favor indicates that he is the attorney for Petitioner, Respondent, and "involved party's [*sic*]." (Id. at 7).

Also appended to the petition is a California state court motion for bail or release on own recognizance pending appeal, dated December 20, 2016, and again attributed to Miller & Miller Associates. The motion is completed in what appears to be Mr. Favor's handwriting and is signed with a scribble similar to those attributed to Mr. Favor in the declaration and proof of service. The proof of service of the state court motion is signed with a scribble attributed to Mr. Favor.

**B. Unauthorized Representation by a Non-Attorney**

Mr. Favor, who is not an attorney, may not act on behalf of putative petitioner Kevin Moore or any other party proceeding *pro se*. The privilege to proceed *pro se* is personal to the litigant and does not extend to other parties or entities acting on his behalf. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). "[A] non-attorney may appear only in her own behalf." Cato v. United States, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995). Although a person who is not an attorney may appear *pro se* on his own behalf, see 28 U.S.C. § 1654, "he has no authority to appear as an attorney for others than himself." McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). Although the Court may take judicial notice of the California Department of Corrections and Rehabilitation's inmate directory, which reports that an inmate named Kevin Moore is incarcerated at California Correctional Institution in Tehachapi,[3] the petition provides no basis by which the Court may conclude that Mr. Favor filed the petition with Mr. Moore's knowledge or permission.

**C. Failure to State a Federal Claim**

The scope of habeas corpus is prescribed by statute. Section 2241(c) of Title 28 provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2241(c). "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on

---

[3] State of California Inmate Locator, http://inmatelocator.cdcr.ca.gov/search.aspx (search by "Last Name" for "Moore") (last visited May 17, 2017).

3

the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). See also Rule 1 of the Rules Governing Section 2254 Cases.

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to 28 U.S.C. § 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

The habeas petition filed in the instant case fails to state a cognizable claim for federal habeas relief. It does not allege a violation of the Constitution or federal law, nor does it argue that the petitioner is in custody in violation of the Constitution or federal law. The only possible alleged grounds for relief consist of the stated claim for "non-statutory relief" and convoluted and incoherent supporting allegations, which is insufficient to state a cognizable claim for federal habeas relief.

**D. Exhaustion**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365; Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

The habeas petition before the Court does not allege that the petitioner has ever presented any claim to the California Supreme Court. Even if the court could somehow conclude that the petition articulated a cognizable federal habeas claim, in the absence of the California Supreme Court's having been given a full and fair opportunity to consider the claim, any such claim would be unexhausted. Therefore, the Court cannot proceed to the merits of any such claim. 28 U.S.C. § 2254(b)(1).

**E. Absence of Good Faith**

"Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious[, or] (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). Although the undersigned recommends dismissal of this petition due to its failure to state a claim on which relief may be granted, the Court would be remiss in ignoring Mr. Favor's absence of good faith in filing it.

To determine whether an individual has filed a pleading in good faith, a court must examine the good faith of the applicant. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915); see also Wright v. Newsome, 795 F.2d 964, 968 n.1 (11th Cir. 1986). In determining a litigant's good faith, a court may consider not only the actual language of the complaint, but the circumstances and history of its filing, the nature of the allegations, and the presence or absence of probative facts. Spencer v. Rhodes, 656 F. Supp. 458, 463–64 (E.D.N.C.), aff'd, 826 F.2d 1061 (4th Cir. 1987). In view of the absence of any apparent participation by petitioner Kevin Moore, the Court cannot determine what role, if any, Mr. Moore played in the filing of the petition pending before the Court or whether Mr. Moore acted in good or bad faith with respect to its filing. Accordingly, the undersigned recommends dismissal of the petition without prejudice to Mr. Moore's refiling a petition for federal habeas relief should he seek to allege a meritorious ground for such relief in the future.

///

5

The Court concludes, however, that Mr. Favor has acted in bad faith. First, Mr. Favor has acted with consciousness of the impropriety of his filing a habeas petition on behalf of another inmate. He has attempted to mislead the Court to believe that Miller & Miller Associates and the Cochran Law Firm—not Mr. Favor or Mr. Moore proceeding *pro se*—are prosecuting the petition on Mr. Moore's behalf. By utilizing Brandon Favor, LLP, Mr. Favor has attempted to lead an inattentive or uninformed reader to conclude that Mr. Favor is an attorney or affiliated with a law firm or legal entity, or somehow authorized to bring the petition.

Second, Mr. Favor has also filed a frivolous petition, advancing a meaningless claim (i.e., for "non-statutory relief") supported by factual allegations that are garbled and nonsensical. That Mr. Favor has omitted all substantive and identifying information concerning Mr. Moore's conviction and sentence suggests that for some reason unknown to this Court, Mr. Favor may have sought to file the petition without Mr. Moore's cooperation or knowledge.

Despite his extensive history of filings in this and other federal district courts, Mr. Favor disregarded procedural and substantive requirements for the filing of cognizable claims for federal habeas relief. The Court concludes that Mr. Favor has filed the above-captioned petition both frivolously and maliciously. Accordingly, the Court warns Mr. Favor that such conduct on his part will not be tolerated in the future. In the event that Mr. Favor again files or attempts to file any action on behalf of any other person or represents himself as an attorney or as otherwise authorized to provide legal representation to another, the undersigned recommends that the Court initiate proceedings to declare Mr. Favor a vexatious litigant and to restrict his ability to file in this Court any future action on his own behalf without prior court approval.

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) be dismissed without prejudice to petitioner Kevin Moore's entitlement to file a subsequent petition alleging one or more cognizable federal claims;

///

2. The filer of the petition, Brandon Favor, be ordered to cease representing himself as affiliated with any law firm or legal entity;

3. The filer of the petition, Brandon Favor, be ordered to cease filing legal actions on behalf of any other individual or group; and

4. The filer of the petition, Brandon Favor, be warned that his violation of the Court's order shall result in the Court's initiating proceedings to declare him a vexatious litigant and to order restrictions on his ability to file further legal actions in this Court.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 18, 2017**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE