# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR,<br><br>        Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No. 1:16-cv-01912-DAD-EPG-HC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |

      On December 23, 2016, Brandon Favor filed what purported to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on behalf of another inmate, Kevin Moore. (ECF No. 1). On May 18, 2017, the undersigned issued findings and recommendation recommending that the petition be dismissed. (ECF No. 6). The findings and recommendation were served on Mr. Favor with notice provided that any objections were to be filed within thirty (30) days of the date of service of the order. In lieu of objections, Mr. Favor filed an amended petition for writ of habeas corpus challenging his 2008 convictions in the Los Angeles County Superior Court. (ECF No. 7).

      When a prisoner files a state habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28

1

U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United States, 364 U.S. 611, 618 (1961)). Petitions challenging the execution of a sentence are preferably heard in the district where the inmate is confined. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Petitions challenging convictions or sentences are preferably heard in the district of conviction. See Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Section 2241 further states that, rather than dismissing an improperly filed action, a district court, "in the exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing and determination. Id.; see also 28 U.S.C. § 1404(a) (court may transfer any civil action "to any other district or division where it might have been brought" for convenience of parties or "in the interest of justice").

Here, Petitioner's claims relate to his conviction and sentence that occurred in Los Angeles County Superior Court, and therefore, venue is proper in the district of conviction, which is the Central District of California. Therefore, this action will be transferred.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendation issued on May 18, 2017 (ECF No. 6) is VACATED; and

2. This action is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:  **June 20, 2017**         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE